# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

RANDY T. MAYO  
ADC # 134578                                                                                                PLAINTIFF

V.                                    2:09-cv-00088-SWW-JJV

LARRY NORRIS, *et al.*                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

       3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who is confined at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this *pro se* 42 U.S.C. § 1983 action, claiming Defendants violated his constitutionally protected right to the free exercise of religion. Defendants denied Plaintiff's religious-based request to be placed in a single-man cell with appropriate climate-control. By way of relief he seeks monetary and injunctive relief and also demands this Court erase his entire criminal record.

After carefully reviewing the documents submitted by Plaintiff, the Court concludes that Plaintiff's claims are frivolous and he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed with prejudice, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

**I.    Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally

frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## II.     Facts and Analysis

Plaintiff argues he should not be housed with other inmates "who do not obey the doctrine of Christ."  In his Complaint (Doc. No. 2) Plaintiff states he is a "Disciple of Jesus Christ" and he requires a cell "for one person, that I may freely practice my religion . . . to be separate from those who do not obey the doctrine of Jesus."

An inmate-plaintiff clearly retains protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. Nevertheless, lawful incarceration, by its very nature, brings about the necessary withdrawal or limitation of many privileges and rights.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

Plaintiff's claims do not amount to a constitutional deprivation[1]. However, even if Plaintiff could establish that denial of his request was a First Amendment limitation, such a denial by prison officials is constitutionally permissible. The United States Supreme Court has held "[t]he limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives-including deterrence of crime, rehabilitation of prisoners, and institutional security." *Id.* Plaintiff has consequently failed to show that his constitutional rights have been violated.

Accordingly, the Court finds Plaintiff's Complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly, supra*. For these reasons, the undersigned recommends Plaintiff's Complaint be dismissed, as frivolous and failing to state a claim, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

## III.   Conclusion

IT IS THEREFORE RECOMMENDED that this action be DISMISSED, and that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[1] Other courts facing similar claims have come to the same conclusions. *See e.g. Allen v. Purkett*, 5 F. 3d 1151, 1153 (8th Cir. 1993)(no right to be housed in certain unit or barracks and no right to be housed with certain inmates); *See also, Byrd v. L.C.S. Corrections Services, Inc.*, No. 07-0029, 2007 WL 2156583 (W.D. La. April 27, 2007)(no First Amendment free exercise right to "faith-based" dorm for like-minded inmates.)

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 17th day of September, 2009.

                                                      _____
                                                     JOE J. VOLPE
                                                     UNITED STATES MAGISTRATE JUDGE